# Susman Godfrey L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

32ND FLOOR

1301 AVENUE OF THE AMERICAS

NEW YORK, NEW YORK 10019-6023

(212) 336-8330

FAX (212) 336-8340

WWW.SUSMANGODFREY.COM

_____

| Suite 5100<br>1000 Louisiana Street<br>Houston, Texas 77002-5096<br>(713) 651-9366 | Suite 1400<br>1900 Avenue of the Stars<br>Los Angeles, California 90067-6029<br>(310) 789-3100 | Suite 3800<br>1201 Third Avenue<br>Seattle, Washington 98101-3000<br>(206) 516-3880 |

Shawn J. Rabin
Direct Dial (212) 471-8347

E-Mail srabin@susmangodfrey.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/14/2020

October 12, 2020

*Via ECF*

Hon. Mary Kay Vyskocil
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Vertical Aviation No. 1 LLC v. The Government of the Republic of Trinidad and Tobago*

Dear Judge Vyskocil:

We represent Vertical Aviation No. 1 LLC (formerly known as Milestone Aviation Asset Leasing No. 25 LLC) ("Plaintiff") in the above-captioned action. Pursuant to Section 9(B) of Your Honor's Individual Rules in Civil Cases, Plaintiff offers this letter-motion to seal regarding certain information in the Affidavit of Shawn J. Rabin in support of Plaintiff's Motion for Default Judgment, the Affidavit of Clifford M. Work in support of Plaintiff's Motion for Default Judgment, and five exhibits attached to the Work Affidavit in support of Plaintiff's Motion for Default Judgment against The Government of the Republic of Trinidad and Tobago ("Defendant").

This is a breach-of-contract action stemming from Defendant's lease of one of Plaintiff's helicopters. Defendant has failed to answer or otherwise appear to defend this action. On September 25, 2020, Plaintiff obtained a Certificate of Default from the Clerk of Court and now seeks an order granting default judgment from this Court. In support, Plaintiff offers the Rabin Affidavit and Work Affidavit, which both refer to specific terms of the parties' February 2019 Settlement Agreement necessary to calculate damages. The Court previously approved the filing of the Settlement Agreement under seal and the redaction of

October 12, 2020
Page 2

the Complaint to seal information relating to the impact of the Settlement Agreement on calculating damages, necessary to preserve the parties' privacy and confidentiality interests in the specific monetary and non-monetary terms and conditions of settlement. *See* Dkt. 3. For the same reasons previously articulated, Plaintiff seeks to redact references to the terms of the Settlement Agreement and to file the Settlement Agreement under seal as an exhibit to the Work Affidavit. Plaintiff also offers several exhibits for redaction or sealing to preserve Plaintiff's confidential, proprietary business information and/or privacy and confidentiality interests of the Defendant, a foreign state under 28 U.S.C. § 1603.

In considering a motion to seal documents submitted to the Court that are "relevant to the performance of the judicial function and useful in the judicial process," the court should "balance" the presumption of public access against "competing considerations" including "privacy interests," *Lugosch v. Pyramid Co. of Oneida*, 435 F.3d 110, 119-20 (2d Cir. 2006), and whether the materials contain "sensitive and proprietary information." *Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC*, 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016).

### Exhibit 1 (the Lease and accompanying exhibits)
The Lease contains the non-public, proprietary terms and conditions of Plaintiff's commercial aviation financing and leasing business, full disclosure of which would put Plaintiff at a competitive disadvantage. *See* Affidavit of Clifford M. Work in Support of Letter-Motion to Seal. *See, e.g.*, *Nypl v. JP Morgan Chase & Co.*, 2020 WL 5525743, at *1 (S.D.N.Y. Sept. 15, 2020) (granting motion to seal and file redacted document as "necessary to prevent the unauthorized dissemination of confidential business information"); *Louis Vuitton Malletier, S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (sealing "specific business information and strategies" to avoid potential exploitation by competitors). Plaintiff's Complaint, however, quotes terms of the Lease pertinent to this action, therefore making those terms accessible to the public. Plaintiff otherwise seeks to file the Lease under seal.

### Exhibit 3 (Letter of Comfort and Undertaking), pages 8, 9, 11, and 13
Exhibit 3 is a December 19, 2014 letter regarding the Lease from the Director General of Civil Aviation for the Trinidad and Tobago Civil Aviation Authority, Mr. Ramesh Lutchmedial. Attached to the letter are three confidential communications of the Trinidad and Tobago National Operations Centre within the Office of the Prime Minister, the Trinidad and Tobago Minister of National Security, and the Trinidad and Tobago National Security Council. These documents reflect information that Defendant, The Government of the Republic of Trinidad and Tobago, may consider matters of national security. Out of an abundance of caution and because Defendant has not appeared in this action,

October 12, 2020
Page 3

Plaintiff seeks leave to file the exhibits to Exhibit 3 under seal (pages 8, 9, 11, and 13) to preserve Defendant's national security and confidentiality interests.

**Exhibit 4 (Opinion of Defendant's transactional lawyers)**
Exhibit 4 is a letter Opinion from K.R. Lalla & Company, the law firm based in Port of Spain in Trinidad and Tobago that represented Defendant in connection with the Lease transaction. The Opinion limits disclosure of the letter but permits its use in connection with the Lease transaction. Out of an abundance of caution and because Defendant has not appeared in this action, Plaintiff seeks leave to file the exhibit under seal to preserve Defendant's confidentiality and privacy interests with respect to opinions rendered by its counsel.

**Exhibit 11 (Settlement Agreement)**
Exhibit 11 is the parties' Settlement Agreement, effective February 22, 2019. The court previously approved the filing of this exhibit under seal as Exhibit A to the Complaint (Dkt. 1). As explained above, Plaintiff seeks continued sealing of the Settlement Agreement to preserve the parties' privacy and confidentiality interests in the specific monetary and non-monetary terms and conditions of settlement.

**Exhibit 12 (Plaintiff's Dec. 23, 2019 letter exercising its put right)**
Exhibit 12 is a letter sent by Susman Godfrey L.L.P., counsel for Plaintiff, to Defendant, to inform Defendant of Plaintiff's exercise of its put right to require Defendant to purchase the Aircraft as agreed under the terms of the Lease. Plaintiff seeks redaction of specific references to the Settlement Agreement and calculation of damages, the same type of information redacted from the Complaint and previously approved for filing under seal.

Plaintiff respectfully requests entry of an order (1) granting this letter-motion to seal; (2) permitting the continued sealing of certain information related to the Settlement Agreement (previously approved by the Court for redaction from the Complaint) as redacted from the Rabin Affidavit and Work Affidavit in support of Plaintiff's Motion for Default Judgment, and the sealing of the information redacted from Exhibit 3 (pages 8, 9, 11, and 13) and Exhibit 12; and (3) permitting the sealing of Exhibits 1, 4, and 11.

Sincerely,

Shawn J. Rabin

> The Court HEREBY GRANTS IN PART Plaintiff's Letter Motion to Seal. Plaintiff shall file a newly redacted version that does not redact those portions of the Lease quoted in the publicly filed Complaint on or before October 21, 2020.
>
> SO ORDERED.
>
> Date: 10/14/2020
> New York, New York
>
> Mary Kay Vyskocil
> United States District Judge