USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/1/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VERTICAL AVIATION NO. 1 LLC,

                Plaintiff,

-against-

THE GOVERNMENT OF THE REPUBLIC OF
TRINIDAD AND TOBAGO,

                Defendant.

1:20-cv-04970-MKV

POST-HEARING
SCHEDULING ORDER
AND
ORDER TO SHOW CAUSE

MARY KAY VYSKOCIL, United States District Judge:

      On December 1, 2020, the Court held a hearing on Plaintiff's Motion for Default Judgment. Counsel for Plaintiff appeared. Defendant did not appear. In accordance with the matters discussed on the record at the hearing:

      IT IS HEREBY ORDERED that on or before December 21, 2020, Plaintiff shall file a letter brief addressing the following issues: (1) the propriety of service of process, including the history of the prior related action before Judge Keenan, *see Vertical Aviation No. 1 LLC v. Gov't of the Republic of Trin. & Tobago*, No. 18-cv-7754 (S.D.N.Y filed Aug. 24, 2018); (2) Defendant's waiver of sovereign immunity and consent to the jurisdiction of the Court; (3) whether Gary Griffith, Minister of National Security for Trinidad and Tobago, had actual and/or apparent authority to waive sovereign immunity. With respect to the third issue, the Court is particularly interested in which law—New York law or the law of the Republic of Trinidad and Tobago—applies to determine whether Griffith had actual authority. Specifically, Plaintiff should address (1) the choice-of-law provision in the Lease; (2) recent decisions of the New York Court of Appeals concerning the effect contractual choice-of-law provisions have on common-law conflict-of-laws principles; and (3) the effect, if any, such recent decisions of the New York Court of Appeals have on the most-significant-relationship approach federal courts in this District have used to find that

1

the laws of a foreign state apply to determine whether an agent of a foreign state had actual authority to waive sovereign immunity.

IT IS FURTHER ORDERED that on or before **January 11, 2021**, Defendant shall file a letter explaining (1) why it has failed to appear in this action and why Default Judgment should not be entered in the amount of $12,045,000, plus pre-judgment and post-judgment interest (*see* Aff. Shawn J. Rabin ¶¶ 35–39 [ECF No. 18]) and (2) any opposition in response to Plaintiff's Motion for Default Judgment and Plaintiff's letter brief.  The Court specifically invites comment on the issues outlined above, which are to be addressed in Plaintiff's letter brief.

IT IS FURTHER ORDERED that Plaintiff shall serve on Defendant (1) this Order, (2) the Summons and Complaint [ECF Nos. 1, 10], (3) Plaintiff's Motion for Default Judgment and supporting papers [ECF Nos. 17, 18, 18-1–18-17, 22, 23, 23-1–23-6, 24, 25] and (4) Plaintiff's letter brief on or before **December 28, 2020**, and file proof of such service on or before **January 4, 2021**.

The Court reserves decision on Plaintiff's Motion for Default Judgment until receipt of Plaintiff's letter brief.  If Defendant fails to appear and file the above-described letter and opposition on or before January 11, 2021, and if upon review of Plaintiff's letter brief, considered with the documents filed in support of Plaintiff's Motion for Default Judgment, the Court concludes that Griffith had authority to waive Defendant's sovereign immunity such that the Court may exercise jurisdiction over Defendant, the Court will enter default judgment.

**SO ORDERED.**

Date:  **December 1, 2020**              *Mary Kay Vyskocil*
        **New York, NY**                   **MARY KAY VYSKOCIL**
                                            **United States District Judge**