USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/14/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VERTICAL AVIATION NO. 1 LLC,

          Plaintiff,

-against-

THE GOVERNMENT OF THE REPUBLIC OF TRINIDAD AND TOBAGO,

          Defendant.

1:20-cv-04970-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

On February 12, 2021, the Court held a telephonic hearing in connection with Plaintiff's motion for default judgment and Defendant's opposition and request for vacatur of the default. Counsel for all parties were in attendance. Counsel for Defendants appeared specially and specifically reserved Defendant's purported jurisdictional and sovereign immunity defenses.

In accordance with matters discussed on the record at the hearing:

IT IS HEREBY ORDERED that on or before **February 19, 2021**, the parties shall file any motions alleging a conflict or seeking any relief with respect to the Court's disclosure of its prior work relationship with Ms. Linda H. Martin, counsel for Defendant.

IT IS FURTHER ORDERED that Defendant's motion for default judgment is DENIED and the default is VACATED on condition that Defendant answer or otherwise respond to the Complaint on or before **March 15, 2021**. It has long been emphasized by the Second Circuit that "default judgments are disfavored, especially those against foreign sovereigns." *First Fid. Bank, N.A. v. Gov't of Ant. & Barb.*, 877 F.2d 189, 196 (2d Cir. 1989). Courts therefore "go to great lengths to avoid default judgments against foreign sovereigns or to permit those judgments to be set aside." *Id.* Given that a default judgment is "the most severe sanction which the court may apply," in deciding whether to vacate a default, "all doubts must be resolved in favor of the party

seeking relief from the [default] in order to ensure that to the extent possible, disputes are resolved on their merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (first quoting *Cody v. Millo*, 59 F.3d 13, 15 (2d Cir. 1995); then quoting *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001)). Here, while Defendant has been cavalier in not dealing with this litigation, the Court cannot find that Defendant's failure to respond was willful given the lead role of the Minister of National Security in managing this litigation while he was charged with a central role in a relatively small government battling the COVID-19 pandemic. [*See* ECF No. 37 at 1.] *See Tverdy v. Metro Auto Body Inc.*, No. 20-cv-3153 (BMC), 2020 WL 7343304, at *1 (E.D.N.Y. Dec. 14, 2020) (internal quotation marks omitted) (noting that "a finding of willfulness is only appropriate where there is evidence of bad faith or the default arose from egregious or deliberate conduct, and any doubt about willfulness should be resolved in defendants' favor" (quoting *Addison v. Reitman Blacktop, Inc.*, 272 F.R.D. 72, 76 (E.D.N.Y. 2010))).

IT IS FURTHER ORDERED that Defendant answer or otherwise respond to the Complaint on or before **March 15, 2021**.

IT IS FURTHER ORDERED that on or before **March 15, 2021**, the parties shall file a joint letter advising the Court of the status (not substance) of settlement negotiations.

**Failure to comply with deadlines or other terms of this Order may result in sanctions, including preclusion or dismissal of claims or defenses.**

**SO ORDERED.**

Date: **February 14, 2021**  
**New York, NY**

MARY KAY VYSKOCIL  
United States District Judge

2